José A. Santiago Sánchez, demandante y recurrido, *v.* Autoridad de las Fuentes Fluviales de Puerto Rico, demandada y recurrente.

Número: R-67-238          Resuelto: 9 de octubre de 1968

*José Antonio Arabia* y *Carlos M. Díaz Lamoutte,* abogados de la recurrente; *Gilberto Ortiz Rodríguez,* abogado del recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

El Juez Asociado Señor Rigau emitió la opinión del Tribunal.

La noche de los hechos, un viernes a las 10:30 P.M., el demandante, persona mayor de edad, regresaba a su casa luego de asistir a una jugada de dómino. Caminaba por la zona rural en el municipio de Patillas. Allí la demandada opera instalaciones del Sistema de Riego de la Costa Sur. En el lugar de los hechos hay un tubo cilíndrico de hormigón de cuatro pies de diámetro, el cual es parte de dicho Sistema de Riego y el cual cruza el cauce de una quebrada a una altura de 10 pies del suelo. A la fecha de los hechos el cauce de la quebrada estaba seco. El demandante en vez de cruzar dicho cauce por sobre el terreno decidió cruzarlo pasando

sobre el tubo. Resbaló y cayó recibiendo lesiones de poca importancia. No hubo fracturas. Recuperó totalmente.

■ El tribunal de instancia estimó los daños en $1,000.00 y distribuyó la negligencia de por mitad. En consecuencia condenó a la demandada a pagar $500.00 al demandante. A pesar de tratarse de una suma tan pequeña, expedimos el recurso a solicitud de la demandada para revisar lo que prima facie nos pareció un error de derecho. En efecto así es. El demandante era un transgresor. El tubo en cuestión no era camino público ni tenía el propósito de servir de camino público ni privado. Por el contrario la prueba demostró que la Autoridad había construido una cerca vedando el paso por sobre ese tubo; que algunas veces la habían roto; y que varias veces la Autoridad la había repuesto. Cuando ocurrieron los hechos la cerca había sido rota otra vez. Eso, claramente, no constituía una invitación al demandante a subir al tubo. *Restatement of Torts Second* (1965), secs. 329 y 333; Prosser *On Torts*, 3rd ed. (1964), pág. 365; *Pérez Vázquez* v. *Sucn. Amill*, 89 D.P.R. 370 (1963).

■ El caminar por sobre un tubo a una altura de 10 pies del piso envuelve riesgos obvios, tanto más cuando se trata de un adulto. Se ha reconocido judicial y doctrinalmente que hasta los niños, salvo los de tiernísima edad, se dan cuenta del peligro que representa el agua, el fuego y la altura. *Díaz Colón* v. *Autoridad de Tierras*, 96 D.P.R. 42 (1968); *Vargas Rodríguez* v. *A.F.F.*, 86 D.P.R. 104, 108 (1962); *Restatement of Torts Second*, sec. 339, comentario (j); 2 Harper & James, *The Law of Torts* (1956), sec. 27.5, pág. 1452.

*Por las razones antes expuestas, se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de Guayama, en 26 de mayo de 1967 y se dictará en su lugar sentencia declarando sin lugar la demanda.*