LUIS A. TORRES PÉREZ y SANTA V. HERNÁNDEZ LÓPEZ, ETC. demandantes y recurridos, *v.* RAMÓN MEDINA TORRES y MILTON FELICIANO LÓPEZ, demandados y recurrentes.

*Número:* R-81-75          *Resuelto:* 2 de junio de 1982

*Rafael Sánchez Valentín,* abogado de los recurrentes; *Aníbal Irizarry Alicea,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Una niñita de cuatro años de edad fue arrollada por un vehículo ambulante expendedor de mantecados poco des-

pués de haber vendido un mantecado a la niña. La madre había permitido que la niña cruzara la calle sola. Concluimos que la responsabilidad por el accidente y los resultantes daños recae por igual en el vendedor de mantecados y en la madre de la niña. La negligencia de la madre no puede, sin embargo, ser imputada a la niña ni al padre de ésta y no procedería, por tanto, reducirse su indemnización en proporción a la imprudencia concurrente de la madre.

## I

No hay controversia sobre los hechos. El 13 de septiembre de 1976, en horas de la tarde, la niña Rate Marilú Torres Hernández, de cuatro años de edad, se hallaba con su señora madre en casa de una parienta en las Parcelas Lajas Arriba del Municipio de Lajas. Pasaba por la calle frente a la casa un vehículo de motor en que se vendían mantecados. Éste se detuvo y la madre permitió que la niña cruzara la calle para comprar un mantecado. Nadie la acompañó. La madre permaneció en el balcón de la casa. La niña compró el mantecado mientras el motor del vehículo permanecía en marcha. Habían transcurrido "unos dos minutos" desde que la niña salió a comprar el mantecado. Se oyó un grito, y se la encontró sangrando, tendida entre una de las ruedas delanteras y una de las ruedas traseras del vehículo.

La niña fue tratada de emergencia en un Centro de Salud y de allí conducida al Hospital de la Concepción en San Germán, donde permaneció doce días. Tenía fractura del húmero izquierdo, con una herida profunda lacerada; fractura de la pelvis; contusión en el abdomen; lesión del bazo, y laceraciones en diversas partes del cuerpo. En el Hospital se le redujeron las fracturas y se la sometió a una laparotomía exploratoria. Se le mantuvo el brazo izquierdo enyesado durante dos meses. Posteriormente, en julio de 1978 y en abril de 1979, tuvo que ser hospitalizada para cirugía plástica y para una intervención en el codo izquierdo.

## II

El dueño y el conductor del vehículo expendedor de mantecados recurrieron ante nos de sentencia que les responsabilizó totalmente por el accidente y los resultantes daños. Éstos fueron valorados en $35,000 para la niña y $5,000 para cada uno de sus padres por sus angustias mentales. Plantean que la prueba no estableció la conclusión del tribunal de instancia de que el accidente se debió a la falta de cuidado, prudencia y negligencia del conductor del vehículo al reiniciar su marcha después de servirle el mantecado a la niña, que la causa del accidente debió atribuirse a la negligencia de la madre; y que debieron deducirse $1,000 de la indemnización concedida a la víctima, conforme a la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. sec. 2058(3)(b).

Respecto al primer planteamiento, no tienen razón los recurrentes. Cierto que no hubo testimonios directos sobre cómo se produjo el accidente, pero las circunstancias en que se encontró a la niña, entre las ruedas delanteras y traseras del vehículo, las lesiones que sufrió, y el hecho de que el vehículo permaneció todo el tiempo con su motor encendido, no permiten otra inferencia que la conclusión del tribunal de que el accidente se produjo al reiniciar la marcha el vehículo. Un vehículo expendedor de mantecados es especialmente atractivo a los niños. El conductor en este caso le vendió un mantecado a esta niña, que a su corta edad no podía percatarse del peligro que entrañaba colocarse cerca de las ruedas del vehículo. Consciente de su presencia en las cercanías del vehículo, su conductor tenía el deber, antes de iniciar la marcha, de asegurarse que la niñita estaba fuera del alcance de sus ruedas. Véanse *Rivera Matos* v. *Amador*, 86 D.P.R. 856, 859 (1962); y *Castro* v. *González*, 58 D.P.R. 368, 382 (1941).

No obstante, la prueba estableció que la madre de la niña faltó a su obligación de vigilarla y su actitud permisiva al dejarla cruzar la calle sola, no obstante su corta edad,

para acercarse al vehículo de motor, contribuyeron de manera eficiente a la ocurrencia del accidente. Consideramos, además, que debió hacerse la deducción que manda la citada Ley de Protección Social. En consecuencia, requerimos de los demandantes recurridos mostrar causa por la cual no deberíamos adjudicar en un cincuenta por ciento la negligencia concurrente de la madre y reducir proporcionalmente la indemnización, además de disponer que se deduzca de lo concedido a la niña la cantidad de $1,000, conforme a la citada disposición de ley. Los demandantes no han respondido a dicho requerimiento. Presumimos, por tanto, que aceptan lo intimado en nuestro requerimiento. Se reducirá en un cincuenta por ciento la indemnización concedida a la madre de la niña y se deducirá la cantidad de $1,000 de lo adjudicado a la niña, que fue la víctima del accidente. *Canales Velázquez* v. *Rosario Quiles*, 107 D.P.R. 757, 774–775 (1978); *Coira Luquis* v. *De Jesús Rosas*, 103 D.P.R. 345, 349 (1975).

Réstanos considerar si la negligencia concurrente de la madre debe tener algún efecto sobre las indemnizaciones concedidas a la niña y al padre de ésta. ¿Es imputable a la niña la negligencia de la madre? ¿Es imputable dicha negligencia a su esposo y padre de la niña? Examinemos estos planteamientos.

## III

A una niña de cuatro años de edad no puede imputársele responsabilidad por sus actos. A esa edad un niño no tiene la "prudencia, atención y discreción" para evitar colocarse en situaciones de peligro para su seguridad, y "no se le requiere que cumpla con las normas de conducta que es razonable esperar de un adulto". *Torres Trumbull* v. *Pesquera*, 97 D.P.R. 338, 347–348 (1969); *Hernández* v. *Acosta*, 64 D.P.R. 171 (1944). Véanse *Rivera Matos* v. *Amador*, y *Castro* v. *González*, antes citados. Es posible que a esa edad un niño, quizás por el instinto natural de conservación,

pueda sentir aprensión ante el peligro que representa el fuego, la altura, o un cuerpo de agua, de la misma manera que puede temer a la oscuridad, a los ruidos intensos, y a determinados fenómenos naturales. Cómparense *Ortiz* v. *Levitt & Sons*, 101 D.P.R. 290, 294 (1973); *Santiago* v. *A.F.F.*, 96 D.P.R. 558, 559 (1968); *Díaz Colón* v. *Autoridad de Tierras*, 96 D.P.R. 42, 45 (1968); *Vargas Rodríguez* v. *Fuentes Fluviales*, 86 D.P.R. 104 (1962). Pero ello no implica que a los cuatro años de edad pueda imputársele responsabilidad a un niño por sus actuaciones u omisiones. Con más razón está exento de responsabilidad un niño de esa edad que se acerca a un vehículo detenido, cuyo motor está en marcha, y que constituye una invitación precisamente a los niños para que compren mantecados. Compárense *Quiñones* v. *Hernández et al.*, 83 D.P.R. 212, 216 (1961); *Berenguer López* v. *Gov. Employees Ins. Co.*, 90 D.P.R. 478 (1964); *Torres* v. *A.F.F.*, 94 D.P.R. 314 (1967).

▬▬ No puede tampoco imputársele al niño la negligencia de sus padres. Los casos de responsabilidad vicaria, es decir, la de aquellos a quienes se puede imponer responsabilidad por la culpa o negligencia de otros, están taxativamente enumerados en el Art. 1803 del Código Civil, 31 L.P.R.A. sec. 5142. La doctrina estima unánimemente que dicha enumeración es taxativa y no a título de mero ejemplo. C. Rogel Vide, *La responsabilidad civil extracontractual en el Derecho español*, Editorial Civitas, S.A., 1977, pág. 127; J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1956, T. II, Vol. II, pág. 687; J. Castán, *Derecho Civil Español, Común y Foral*, 1977, T. 4, pág. 908. Puig Brutau, *op. cit.*, dice que dicha enumeración es una "precisión, en serie cerrada". Y Castán, *op. cit.*, refiriéndose al Art. 1.903 del Código Civil español, equivalente al 1803 del nuestro, dice:

El texto del art. 1.903, en su apartado 1°, al aludir a un *deber de responder* por los actos de otras personas, da a

entender que para que exista esta responsabilidad se requiere una declaración del legislador y que, consiguientemente, los supuestos establecidos por los siguientes apartados de este mismo artículo *son limitativos y no pueden aplicarse a casos diversos.* (Énfasis suplido.)

En el Derecho angloamericano, bajo la doctrina de negligencia contribuyente, se mantuvo por mucho tiempo la norma de impedir que un niño fuera indemnizado por daños sufridos por culpa o negligencia del demandado si su padre o madre contribuyó al accidente con su propia culpa o negligencia. Esta "regla bárbara", como la llama Prosser, fue abolida en Inglaterra, *Oliver* v. *Birmingham & Midland Omnibus Co.*, 1 K.B. 35 (1933), y ha sido abolida en todos los Estados de la Unión, con excepción de Maine, por estatutos o por decisiones jurisprudenciales. Aun en Maine, sigue señalando Prosser, no parece probable que sobreviva mucho tiempo. Prosser, *Law of Torts*, 4ta ed., Sec. 74, pág. 490.

La doctrina de negligencia contribuyente, que estuvo vigente en Puerto Rico durante muchos años, fue derogada estatutariamente por la Ley Núm. 28 de 9 de junio de 1956 al enmendarse el Art. 1802 del Código Civil para añadirle que "La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización". Véase *Torres Trumbull* v. *Pesquera*, supra, en las págs. 347–348. La doctrina de negligencia contribuyente, adoptada jurisprudencialmente, nunca debió tener vigencia aquí, pues nuestro Derecho de daños es de estirpe civilista y no angloamericano. Véase *Ramos* v. *Carlo*, 85 D.P.R. 353, 365–369 (1962). La doctrina de negligencia comparada o concurrencia de culpas, introducida por la enmienda al Art. 1802, es doctrina harto conocida del Derecho civil. Consúltense Rogel Vide, *op. cit.*, pág. 91; Gullon, *Contratos en especial—Responsabilidad extracontractual*, Madrid, 1968; Puig Brutau, *op. cit.*, T. II, Vol. II, pág. 686 y las citas que allí hace de Castán y de Pérez González y Alguer; J. Santos Briz, *El Derecho de daños*, Madrid, Ed. Rev. de Derecho

Privado, 1963, págs. 63–70; J. M. Manresa, *Código Civil Español*, 6ta ed., Madrid, Ed. Reus, 1973, T. XII, pág. 857.

En síntesis, tanto bajo el Derecho civil como/ bajo el Derecho angloamericano, la negligencia de la madre al descuidar su deber de vigilancia de su hija no puede perjudicar el derecho de ésta de ser resarcida por los daños sufridos. Siendo solidaria la obligación de los co-causantes del daño, los demandados y aquí recurrentes vienen obligados a indemnizar a la niña por la totalidad de sus daños. *Torres* v. *A.M.A.*, 91 D.P.R. 714, 717 (1965), y casos allí citados.

## IV

Examinemos el aspecto de imputabilidad de la negligencia de la madre de la niña a su esposo y padre de ésta.

En *Robles Ostolaza* v. *U.P.R.*, 96 D.P.R. 583, 597 (1968), resolvimos que la indemnización que corresponde a uno de los cónyuges por concepto de daños y perjuicios físicos y morales es un bien privativo suyo. De ser ganancial, podría imputársele a la sociedad legal de gananciales la negligencia concurrente de la esposa. Pero no lo es. De no mediar otro vínculo de solidaridad entre el padre y la madre de la niña, como lo sería el hecho de que aquél hubiese contribuido en alguna forma a la ocurrencia del accidente, no puede imputársele responsabilidad. Aquí, la prueba estableció que la niña estaba con su madre cuando se produjo el accidente. El padre no estaba allí. No puede imputársele negligencia concurrente con la madre al permitir que la niña cruzara la calle sola y se acercase al vehículo en que se vendían mantecados.

El mero hecho de que exista un vínculo marital no justifica que el padre sufra una reducción en su compensación privativa por actuaciones negligentes de su esposa, no consentidas por él.

La norma que permite imputar la negligencia de uno de los cónyuges al otro, por razón del matrimonio, ha sido

abandonada en casi la totalidad de las jurisdicciones nor-teamericanas. Prosser, *op. cit.*, pág. 489, señala:

> Otra vieja regla imputaba la negligencia contribuyente de un cónyuge al otro, por la sola razón de la relación marital. Su origen descansaba en la identidad legal entre la esposa y el esposo en el Derecho común, que significaba que cada uno respondía de la negligencia del otro, y que el resarcimiento por uno de ellos beneficiaba al otro. En todos los estados las Leyes de Mujeres Casadas [*Married Women's Acts*] hace tiempo que dieron por terminada esta identidad legal, y permiten que la esposa demande por daños personales en su propio nombre, sin unir a su esposo en la acción. Como resultado se considera a la esposa como un individuo separado, cuya negligencia no habrá de atribuirse a su esposo, ni la de él a ella, como en el caso de cualquier otra persona; y la imputación de negligencia contribuyente por razón del matrimonio y nada más ha desaparecido de la ley en la mayoría de las jurisdicciones. La única excepción se halla en el caso de una o dos jurisdicciones que, bajo la influencia del Derecho civil, consideran que la indemnización por daños recobrable por uno de los cónyuges es un bien ganancial, y en consecuencia continúan imputando la negligencia del uno al otro para evitar que la parte negligente se beneficie, como parte de la comunidad ganancial, de su propia actuación dañosa.

Como señaláramos, aunque en nuestra jurisdicción se consideran gananciales los bienes adquiridos durante la vigencia del matrimonio, la indemnización que corresponda a un cónyuge por sus daños personales físicos y morales es un bien privativo suyo. *Robles Ostolaza* v. *U.P.R.*, supra.

■ Concurrimos con el análisis hecho en *Flores* v. *F. & J. M. Carrera, Inc.*, 83 D.P.R. 332 (1961), en cuanto a que no puede reducirse la indemnización concedida a un demandante a base de la negligencia contribuyente en que incurriera otro codemandante como causa de un accidente, a menos que la negligencia de este último pudiera imputarse al primero. Allí la negligencia combinada de los conductores de dos vehículos causó daños a una persona que viajaba como pasajero en uno de ellos. Éste y el conductor del

vehículo en que viajaba demandaron a la aseguradora del otro vehículo. Al ratificar la norma de que la negligencia del conductor de un vehículo no es imputable a su pasajero, resolvimos que éste tenía derecho a ser resarcido por la aseguradora del otro vehículo en la totalidad de los daños por él sufridos, dada la solidaridad de la obligación entre co-causantes del daño, independientemente de que la indemnización correspondiente al conductor del vehículo en que viajaba fuera reducida en proporción a su negligencia contribuyente.

La misma regla aplica aquí. La indemnización por los daños morales sufridos por la madre de la niña será reducida en proporción a su grado de negligencia, mas no así la indemnización que corresponde al padre, a quien no le es imputable la negligencia contribuyente de su esposa. [1]

V

En resumen, *siendo la niña Rate Marilú Torres Hernández la víctima del accidente deberá deducirse de su indemnización por daños personales la cantidad de $1,000 de conformidad con la Ley de Protección Social por Accidentes de Automóviles. Habiendo contribuido su señora madre a la ocurrencia del accidente en proporción igual a la del conductor del vehículo, se reducirá su indemnización por los daños por ella sufridos en esa misma proporción. Se modificará la sentencia recurrida para así disponerlo y, así modificada, será confirmada.*

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.

---

[1] El caso de *Quintana Martínez* v. *Valentín*, 99 D.P.R. 255 (1970), en cuanto se aparta de esta norma, debe considerarse revocado. Véase Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, Publicaciones J.T.S., 1980, págs. 7-97 y 7-98.