SHARON MARIE MIRANDA, EN REPRESENTACION DE LOS
MENORES SHAJAN ALEXANDER Y DENNIS ORLANDO GUTIERREZ MIRANDA
Demandantes-Apelantes

v.

E.L.A.; A.A.A.
Demandado-Apelado

AUTORIDAD DE CARRETERAS
Tercera Demandada y Co-Demandada

Núm. KLAN-95-00275

San Juan, Puerto Rico, a 29 de junio de 1995

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Cabán Castro y Martínez Torres

## TEXTO COMPLETO DE LA SENTENCIA

La controversia ante nuestra consideración versa sobre la forma en que se deben computar los intereses que tiene que pagar un co-demandado temerario, a saber, si es sobre aquella correspondiente a la proporción de responsabilidad que le fijó el tribunal o si es sobre la cuantía total de los daños fijados en la sentencia.

## I

Los hechos del presente caso se remontan al día 21 de abril de 1986, cuando en horas de la noche, Dennis O. Gutierrez Cortés, quien discurría en su automóvil por el carril izquierdo de la carretera estatal núm. 165 que conduce de Toa Baja a Dorado, impactó la parte posterior de un camión de arrastre estacionado, muriendo instantáneamente. Se determinó que el occiso transitaba a velocidad exagerada y el accidente provocó que se decapitara. El vehículo quedó incrustrado totalmente debajo de la plataforma hasta el espaldar del asiento trasero desplomado.

De otra parte, se resolvió, además, que el lugar estaba oscuro porque los postes del alumbrado público no funcionaban y el camión de arrastre de la Autoridad de Acueductos estaba estacionado en la vía de rodaje desprovisto de las luces exigidas por ley.

El Tribunal Supremo en la opinión emitida el día 7 de diciembre de 1994, **94 JTS 152**, confirmó la sentencia del foro de instancia en cuanto impuso responsabilidad solidaria a los co-demandados Autoridad de Carreteras, Autoridad de Acueductos, y sus aseguradoras, en un cincuenta (50%) por ciento y dispuso que de igual forma la indemnización a pagarse sería reducida en un cincuenta (50%) por ciento por la negligencia concurrente del occiso. Avaló la desestimación de la demanda de tercero y la demanda enmendada contra el Municipio de Toa Baja, condenando al Estado al pago de las costas█

No obstante, la sentencia del tribunal de instancia fue modificada reduciendo las cuantías en algunos extremos por razón de la Ley de Protección Social por Accidentes de Automóvil, (A.C.A.A.), 9 L.P.R.A., sec. 2051, y condenando a la Autoridad de Acueductos y Alcantarillados, por su temeridad, a satisfacer a los demandantes una suma en honorarios de abogado, más intereses.

Dicha opinión revocó expresamente los casos de: *Torres Pérez v. Medina Torres,* 113 D.P.R. 72 (1982) y *Molina Caro v. Dávila,* 121 D.P.R. 362 (1988) y reinstaló la norma expuesta en *Quintana Martínez v. Valentín,* 99 D.P.R. 255, 257-258 (1970) a los efectos de que en las sentencias en los casos en que los co-demandantes sean los causahabientes, parientes o terceros de un perjudicado que incurrió en negligencia, sus compensaciones se reducirán en proporción a tal negligencia.

Después de haber emitido el Tribunal Supremo la citada decisión, el foro de instancia dictó una sentencia enmendada el 24 de enero de 1995 para cumplir con el mandato de dicho Tribunal y le impuso a la Autoridad de Acueductos, entre otras cosas, el pago de intereses por temeridad a base del ocho punto veinticinco (8.25%) por ciento anual sobre todas la indemnizaciones concedidas desde la fecha de radicación de la demanda el 15 de abril de 1987.

Posteriormente, el ilustrado foro de instancia, acogiendo diversos planteamientos formulados por las partes, modificó la anterior sentencia enmendada y dispuso mediante *"Segunda Sentencia Enmendada (Nunc Pro Tunc)"* de fecha 23 de febrero de 1995, que la Autoridad de Acueductos venía obligada a pagar el doce (12%) por ciento anual sobre la suma que le correspondiere pagar de la sentencia (cincuenta (50%) por ciento), a partir de la fecha en que se radicó la demanda, hasta que la misma fuere satisfecha, además de una suma en honorarios de abogado y costas, en la proporción establecida anteriormente.

De esta segunda sentencia enmendada es que la parte demandante, aquí apelante, recurre ante este tribunal planteando como único error que el tribunal de instancia no podía imponer intereses por temeridad contra la Autoridad de Acueductos y Alcantarillados a computarse sobre la mitad de la cuantía de la sentencia, debiendo computarse los mismos sobre la totalidad de dicha cuantía.

En apoyo de su fundamento la parte demandante-apelante, en términos generales, analiza la Regla 44.3(b) de las de Procedimiento Civi█ y aduce que su texto es claro en cuanto al hecho de que los intereses por temeridad deben computarse sobre la cuantía de la sentencia y no sobre una parte de la misma.

La parte co-demandada-apelada, Autoridad de Acueductos y Alcantarillados se opuso a lo expuesto en el Escrito de Apelación y trae a nuestra atención el caso de *Torres Ortiz, v. E.L.A.,* **94 J.T.S. 100** (1994), en el cual el Tribunal Supremo resolvió que la cantidad sobre la cual se han de calcular los intereses pre-sentencia que deberá pagar un codemandado, co-causante de un daño por culpa o negligencia, que incurrió en temeridad, es aquella correspondiente a la proporción de responsabilidad que fijó el tribunal a los fines de nivelación interna entre los co-causantes del daño y no el total de daños fijados en la sentencia.

En torno a este planteamiento, los demandantes-apelantes en un escrito de réplica a la oposición al recurso instado exponen que el presente caso se ha convertido en uno normativo en la esfera de daños y perjuicios precisamente por razón de que el Tribunal Supremo revocó los casos de *Torres Pérez v. Medina Torres, supra* y *Molina Caro v. Dávila, supra.* Por ello, consideran que nada impediría que teniendo ante sí el caso y el planteamiento apropiado, como alegan que ocurre con el presente caso, pueda revocarse el caso de *Torres Ortiz v. E.L.A. supra,* ya que supuestamente el mismo no consideró el alcance de la Regla 44.3(b) en la forma en que se esgrime en el recurso ante nos.

## II

Aunque reconocemos que el planteamiento ha sido traído de manera muy inteligente, consideramos que no tienen razón los demandantes-apelantes. Veamos.

El caso de *Torres Ortiz v. E.L.A. supra,* es bastante parecido al que nos ocupa. Tuvo su origen en una acción en daños y perjuicios instada como resultado de un accidente automovilístico donde el auto en que los demandantes viajaban cayó por un precipicio alegadamente debido a una condición de peligrosidad existente en la carretera. Demandaron al E.L.A. de Puerto Rico, al Municipio de Peñuelas, a unas empresas privadas y a una compañía aseguradora.

En dicho caso, el tribunal de instancia condenó a los demandados a pagar solidariamente a los demandantes la suma total concedida, más costas, gastos, honorarios de abogado y el interés legal. Se calculó la negligencia para propósitos de nivelación interna entre ellos indicando el tribunal que el Estado Libre Asociado de Puerto Rico había contribuido en un diez (10%) por ciento, el Municipio de Peñuelas en un quince (15%) por ciento y a la compañía aseguradora se le fijó un setenta y cinco (75%) por ciento. Esta última consignó en el tribunal la suma que entendió le correspondía pagar, más los intereses devengados en la misma proporción. La parte demandante solicitó del tribunal de instancia que ordenase el pago del interés legal sobre la totalidad de la sentencia a computarse desde la fecha en que se radicó la demanda y hasta la fecha en que se efectuase el pago. Esto por razón de que el tribunal había condenado a los demandados al pago solidario de la suma total. El tribunal de instancia accedió a la solicitud.

El Tribunal Supremo, mediante la opinión a la cual hemos hecho referencia, se cuestionó si la suma de intereses por temeridad a pagarse por un co-demandado temerario se calcula a base del total de daños fijados en la sentencia, de cuyo pago son solidariamente responsables todos los co-demandados, o sólo sobre la proporción de responsabilidad que el tribunal fijó a éste para propósitos de nivelación interna entre los co-deudores solidarios.

Para resolver el caso de *Torres Ortiz v. E.L.A., supra* el Tribunal Supremo pasó juicio

sobre la Regla 44.3(b) de las de Procedimiento Civil a la luz de la doctrina expuesta en el caso de *Roldán Medina v. Serra,* 105 D.P.R. 507 (1976), reafirmando al día de hoy los principios de aquel caso que resolvió que no procedía la imposición de forma solidaria de una condena por temeridad de los demandados. Afirmó el más alto foro, además, que no podemos ir más allá de lo dispuesto por ley por flagrante que nos parezca la temeridad incurrida. Textualmente el Tribunal Supremo expresó entre otras cosas:

*"En Roldán, como explicamos antes, el cálculo se hizo a base del monto de la póliza, lo cual era la cantidad que 'finalmente' pagaría allí la aseguradora.*

***En casos como el presente donde hay varios co-deudores (co-causantes del daño) y sólo a uno se le impuso el pago de intereses por temeridad, consistente con Roldán sólo pagará los intereses presentencia sobre la cantidad que le correspondería pagar conforme a la proporcionalidad en que contribuyó a la ocurrencia de los daños".***

Así también determinó el Tribunal Supremo en el citado caso de *Torres Ortiz v. E.L.A.* que:

*"la obligación que tienen los co-causantes de un daño de repararlo, es una **distinta e independiente** de la obligación de una parte de satisfacer una condena en su contra por temeridad. Específicamente la obligación de reparar el daño, surge en virtud de que cada uno de los cocausantes **con sus actos** cooperó en ocasionar el daño, lo que se ha interpretado da lugar a que los cocausantes respondan solidariamente frente al perjudicado. Por su parte la obligación de satisfacer una condena por temeridad surge como resultado de la conducta de la parte al litigar lo cual es un **suceso independiente al que motivó la condena en daños."***

Por ello resolvió que los intereses por temeridad que estaba obligada a pagar la compañía de seguros en dicho caso se habrían de calcular sobre el setenta y cinco (75%) por ciento de la sentencia, que era la proporción de la cual era responsable la parte temeraria en virtud de sus actos negligentes, y no sobre la totalidad de la sentencia. Sobre esto decidió que concluir lo contrario, a saber, que los intereses por temeridad se calculan sobre el total de los daños fijados en la sentencia, nos llevaría, en algunos casos, a la paradójica conclusión de que la sanción por temeridad fuera mayor que la obligación principal impuesta por la sentencia al litigante concernido.

Esta opinión es clara y contundente a los efectos de disponer que en el caso de co-causantes de un daño, por culpa o negligencia cuando a uno de ellos se le impone el pago de intereses por temeridad, la suma que deberá pagar dicho co-causante del daño no puede ser calculada a base de la totalidad de los daños fijados en la sentencia, sino conforme a la proporción en que el co-causante contribuyó al daño, independientemente de su obligación solidaria de resarcirlo.

El planteamiento de los demandantes-apelantes no es descabellado. Sostienen que a base del lenguaje de la Regla 44.3(b) de Procedimiento Civil, es ineludible computar la temeridad *"sobre la cuantía de la sentencia...",* no sobre la cuantía de una parte de la sentencia. Admiten que esa interpretación es contraria a lo resuelto en *Torres Ortiz y Roldán Medina, supra,* pero entienden que ante la letra de la regla, esas decisiones deberían ser revocadas. Entienden los demandantes-apelantes que el hecho de que el pago de intereses por temeridad sea computado a base de la totalidad de la sentencia no convierte el pago de intereses en una obligación solidaria, pues el pago lo haría exclusivamente el litigante temerario. A juicio de los apelantes, si bien es cierto que ello podría causar que, en ocasiones, la cuantía de intereses fuera mayor que el monto a pagar por los daños, ese efecto es precisamente el que le daría eficacia a la Regla 44.3(b) como disuasivo frente a la temeridad de un litigante.

A pesar de los méritos que esa argumentación puede tener, no podemos acceder a la invitación que nos hacen los demandantes-apelantes para que nos apartemos de lo resuelto en *Torres Ortiz y Roldán Medina.*

Las decisiones de nuestro Tribunal Supremo son precedentes obligatorios y estamos obligados a seguirlas mientras no sean revocadas o modificadas, siendo dicho tribunal el foro judicial de última instancia y el llamado a establecer los precedentes judiciales. *Capestany v. Capestany,* 66 D.P.R. 764-767, (1946). Por no ser distinguible la situación del caso que viene ante nuestra consideración de lo contemplado y resuelto por el Tribunal Supremo en el caso de *Torres Ortiz v. E.L.A., supra,* tenemos que atenernos a la doctrina vigente sobre la materia.

Con estos antecedentes y fundamentos, no habiéndose cometido el error señalado, se confirma la sentencia apelada.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 204**

**1.** Dos de los jueces asociados consideraron que debió imponérsele sólo un veinticinco (25%) de negligencia al occiso, Dennis O. Gutierrez Cortés, por las siguientes circunstancias particulares del caso: (1) El camión y su arrastre estaban estacionados en el carril izquierdo de una carretera de dos carriles en cada dirección, donde el máximo permitido de velocidad es de cincuenta (50) millas por hora; (2) Tanto el camión como la excavadora que arrastraba carecían de luces traseras; (3) La carretera estaba totalmente oscura, por lo que la visibilidad del conductor dependía completamente de las luces de su auto.

**2.** *"Interés legal*

............

*"(b) El tribunal también impondrá a la parte que haya procedido con temeridad el pago de interés al tipo que haya fijado la Junta en virtud del inciso (a) de esta sección y que esté en vigor al momento de dictarse la sentencia desde que haya surgido la causa de acción en todo caso de cobro de dinero y desde la radicación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia, excepto cuando la parte demandada sea el Estado Libre Asociado de Puerto Rico, sus municipios, agencias, instrumentalidades o funcionarios en su carácter oficial. El tipo de interés se hará constar en la sentencia."* 32 L.P.R.A. Ap. III, sec. 43.3(b). (Suplemento Acumulativo)