# 96 DTA 147

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE AGUADILLA Y MAYAGUEZ

WILBERTO ORTIZ HERNANDEZ, ETC
Apelantes

v.

MARIBEL MERCADO PADILLA, ETC.
Apelados

Núm. KLAN-95-00301

San Juan, Puerto Rico, a 16 de agosto de 1996

Panel integrado por su Presidente, Juez Brau Ramírez,
el Juez Colón Birriel y la Juez Feliciano de Bonilla

Feliciano de Bonilla, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

**I**

El 4 de abril de 1995, los apelantes, el señor Gilberto Ortiz Ruiz, la señora María Hernández Ayala

y la Sociedad Legal de Gananciales por ellos compuesta, presentaron *"Escrito de Apelación"* para que revisaramos la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Mayaguez, el 1ro. de febrero de 1995, mediante la cual dicho foro desestimó una reclamación de daños y perjuicios por entender que no existía negligencia ni nexo causal. La reclamación surgió a raíz de un accidente automovilístico en que resultó muerto el hijo de los apelantes.

## II

El día 23 de abril de 1992, alrededor de las 3:05 de la tarde, los jóvenes Omar y David Toro Franco, Alexis Perpina, de 15 años y estudiantes del séptimo grado, y Wilberto Ortiz Hernández, de 14 años y estudiante de noveno grado, venían en bicicleta por la Carretera 3314, Kilómetro 0.8 en dirección a San Germán. Se dirigían de regreso a sus hogares, luego de haber estado refrescándose en un río cercano al lugar de los hechos. La carretera es sumamente angosta, con doce (12) pies de ancho en la vía de rodaje. Apenas caben dos carros en dirección opuesta. El lugar era una bajada suave, con una pequeña curva en forma de *"S"* prolongada. Los jóvenes venían ocupando la carretera. David y Omar habían tomado la delantera mientras que Alexis y Wilberto permanecían atrás, como a unos sesenta (60) pies de distancia.

La apelada, señora Maribel Mercado Padilla, conducía a su trabajo en su auto Suzuki a esa hora por el mismo lugar en dirección contraria. Conducía a una velocidad de entre veinticinco (25) a treinta (30) millas por hora. Conocía la carretera y por años la había transitado para llegar a su trabajo. Al llegar al lugar de los hechos, la apelada vio pasar a los primeros dos jóvenes que iban adelante, quienes le gritaron a Alexis y a Wilberto. La reacción de estos últimos fue cruzar de derecha a izquierda. Alexis pudo terminar el movimiento. Sin embargo, la apelada se topó frente a su auto con Wilberto en medio de la carretera, pues él no logró cruzar a tiempo. La demandante frenó su vehículo, pero la bicicleta lo impactó por el frente en el mismo centro del bonete. El joven cayó sobre el cristal y fue a caer al lado del auto. Esa misma noche, Wilberto falleció como consecuencia de los golpes.

El foro de instancia determinó que, descontada la marca de las gomas traseras al encontrar las delanteras, el frenazo de la señora Mercado Padilla fue de unos seis (6) pies de largo. También se encontró un frenazo producido por las gomas de la bicicleta de Wilfredo. Un dato significativo lo fue el hecho que la bicicleta de Wilberto no tenía frenos, pues se le había salido la cadena mientras discurría por la carretera. Durante la vista del caso, se desfiló prueba al efecto de que ese mismo día, antes del fatal accidente, había ocurrido un incidente similar con la cadena de la bicicleta.

Los apelantes, padres de Wilberto, presentaron demanda de daños y perjuicios en la que reclamaban por los daños sufridos por su hijo, antes de morir, y por las angustias mentales por ellos sufridas.

El Tribunal de Primera Instancia, desestimó la demanda al determinar que no se puede imputar negligencia a la apelada, pues los actos del joven Wilberto fueron tales que no dio tiempo ni a éste ni a aquéela a reaccionar cuando se encontraron frente a frente. El Tribunal de instancia determinó que Wilberto era un joven de catorce (14) años con suficiente prudencia, atención y discreción para evitar colocarse en situaciones de peligro para su seguridad, pudiéndosele requerir que cumpliera con las normas de conducta que son razonables esperar de un adulto. El Tribunal finalmente determinó. aplicando la doctrina de la causa eficiente, que si existió algún grado de negligencia por parte de la apelada, éste fue ínfimo en comparación con la negligencia de Wilberto. Habida tal desproporción de culpas, el Tribunal excluyó la aplicación de negligencia comparada porque la culpa mayor del joven Wilberto, absorvió la de la señora Mercado.

## III

Inconforme con tal dictamen, la parte apelante recurre ante nos, haciendo cuatro (4) señalamientos de error, a saber:

*"1. Cometió error el Honorable Tribunal de Instancia al declarar sin lugar la demanda, ya que por la prueba aportada debió concluir que el accidente que dió lugar a la muerte del niño se debió a la negligencia de la demandada-recurrida o a la negligencia que pudo haber incurrido el niño contribuyó a la ocurrencia del mismo; por lo que cometió error el Tribunal de Instancia al no*

*imponer ningún grado de negligencia a la recurrida y no aplicar la doctrina de negligencia comparada.*

*2. Cometió error el Honorable Tribunal de Instancia al resolver que el demandante fue negligente y que su negligencia fue la causa próxima del accidente; por lo que cometió error al apreciar la prueba relacionada con la forma en que ocurrió el accidente.*

*3. Cometió error el Honorable Tribunal de Instancia al aquilatar la prueba presentada contrario a derecho, al concluir que aun si se pudiera determinar la existencia de alguna culpa por parte de la demandada, en tal caso, ésta no sería responsable atendiendo la desproporción de las culpas y resolver que cuando es evidente la desproporción entre culpas causantes de un daño, la mayor absorbe totalmente la otra y **excluye la aplicación de la norma de negligencia comparada.***

*4. Cometió error el Honorable Tribunal de Instancia como cuestión de derecho al examinar la prueba presentada y concluir que el accidente en cuestión se debió a la culpa y negligencia de la parte demandante por su pobre selección al transitar por la carretera y su falta de previsibilidad y prudencia ante reconocido peligro, fueron la causa única de sus daños."*

## IV

De entrada reiteramos el ya consagrado axioma en cuanto a la apreciación de la prueba en apelación o revisión al efecto de que un tribunal apelativo no debe intervenir con la apreciación de la prueba testifical que haya hecho el juzgador de instancia. *Pueblo v. Chévere Heredia*, ___ D.P.R. ___ (1995), **95 J.T.S 115**, a la pág. 35. La revisión judicial parte de la premisa de que el tribunal de instancia está en mejor posición que un tribunal apelativo para aquilatar la prueba testifical porque pudo observar la manera en que los testigos se expresaron y su comportamiento en la silla testifical. *Supra*. Es desde esta perspectiva, que procedemos a revisar al foro de instancia.

En Puerto Rico, las reclamaciones por responsabilidad extracontractual se basan en el Artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, que dispone:

*"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."*

El reclamante tiene que probar la existencia de un daño, que el demandado actuó negligentemente y que existe un nexo causal entre esa actuación negligente y el daño causado. *Miranda v. E.L.A*, ___ D.P.R. ___ (1994), **94 J.T.S. 519,** a la pág. 523; *Ramos Robles v. García Vicario*, ___ D.P.R. ___- (1993), **93 J.T.S. 167**; *Rivera Jiménez v. Garrido & Co;.* (1993), **93 J.T.S. 158.,** *Defendini v. E.L.A*, ___ D.P.R. ___ (1993), 93 **J.T.S. 119**; *J.A.D.M. v. Centro Comercial Plaza Carolina*, 132 D.P.R. ___ (1993), **93 J.T.S. 26**; *Torres Maldonado v. J.C. Penney Company*, 130 D.P.R. ___ (1992), **92 J.T.S. 62;** *García v. Shiley Caribbean;* 122 D.P.R. 193 (1988) *Riley v. Rodríguez,* 119 D.P.R. 762 (1987); *Soc. de Gananciales v. González Padín,* 117 D.P.R. 94 (1986).

Es un hecho que no está en controversia, que tanto el joven Wilberto como sus padres, han sufrido graves daños. Tenemos pues, que determinar si el foro de instancia actuó correctamente al decidir que la apelada, señora Mercado, no cometió una acción u omisión negligente. El Tribunal Supremo ha definido el concepto de la negligencia como *"...la falta del debido cuidado (impuesto por ley), que a la vez consiste esencialmente en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias..."* *Ramos v. Carlo,* 85 D.P.R. 353, 358 (1962). Asimismo, el profesor Herminio Brau del Toro nos dice que:

*"...el acto negligente puede definirse como 'el quebrantamiento del deber impuesto o reconocido por ley de ejercer, como lo haría un hombre prudente y razonable, aquel cuidado, cautela, circunspección, diligencia, vigilancia y precaución que las circunstancias del caso exijan, para no exponer a riesgos previsibles e irrazonables de daños como consecuencia de la conducta del actor, a aquellas personas que, por no estar ubicadas muy remotas de éste, un hombre prudente y razonable hubiese previsto, dentro de las circunstancias del caso, que quedaban expuestos al riesgo irrazonable*

*creado por el actor.' Por tanto, para que ocurra un acto negligente tiene que existir un deber de cuidado impuesto o reconocido por ley, y el quebrantamiento de este deber. Esto significa que en cada situación de hechos, la ley impone al actor observar un 'estándar de cuidado' que será determinado por las circunstancias particulares del caso."* Brau del Toro, Herminio M., *Los Daños y Perjuicios Extracontractuales en Puerto Rico*, **Publicaciones J.T.S.**, 1986, pág. 183.

Coincidimos con el foro de instancia en que la apelada no fue negligente, pues ella ejerció el cuidado, la cautela, la circunspección, diligencia y precaución que las circunstancias del presente caso exigían para no poner a riesgo previsible al joven fallecido. Existía un deber de cuidado el cual ella cumplió en todo momento.

El profesor Brau nos explica que para determinar el estándar de cuidado que el actor deberá observar, se tomarán en consideración tres factores. Estos son el de (1) previsibilidad, tanto del *"riesgo"* o *"probabilidad de daños"* como de que el perjudicado o los de su clase quedan expuestos a dicho riesgo, (2) el concepto del hombre prudente y razonable, y (3) el concepto del riesgo en sí. *Ibid.*

El concepto de previsibilidad como factor para determinar si medió negligencia, se basa en la obligación de anticipar el peligro de daños cuya probabilidad es razonablemente previsible. La consideración principal es si un hombre prudente y razonable hubiese previsto los daños causados en circunstancias idénticas. Si se prueba que el demandado debió haber anticipado los daños causados, éste incurre en el quebrantamiento de su deber de cuidado, lo que inclina la balanza hacia una determinación de existencia de negligencia. *Ibid.*, pág. 184. *"La diligencia exigible es la que cabe esperar del ser humano medio, el buen pater familias. Si el daño es previsible por éste, hay responsabilidad. Si no es previsible, estamos generalmente en presencia de un caso fortuito."* Tormos Arroyo v. Departamento de Instrucción Pública del E.L.A., ___ D.P.R. ___ (1996), **96 J.T.S. 34,** a la pág. 808.

El Tribunal Supremo ha establecido también que el concepto de previsibilidad no implica la obligación de prever todos los posibles riesgos que puedan concebirse en determinada situación. Se trata de prever daños sobre los cuales existe probabilidad de que ocurran, y no una mera posibilidad. El deber de previsión no se extiende a todo peligro imaginable que pueda amenazar la seguridad, pues de ser así, regiría en Puerto Rico la responsabilidad absoluta. *Vélez Rodríguez v. Amaro Cora*, ___ D.P.R. ___ (1995), **95 J.T.S. 38,** a la pág. 756.

El concepto del hombre prudente y razonable se aplica en términos de cómo hubiera actuado o reaccionado esta figura mítica en circunstancias idénticas. El estándar es siempre constante. Lo que varía es el grado de cuidado dependiendo de las circunstancias fácticas de cada caso. Brau del Toro, *Ob. cit.*, pág. 187. Aplicando este concepto a los hechos de un caso, un demandado será negligente si se determina que el daño causado pudo razonablemente haberse previsto y evitado. *Hernández v. La Capital,* 81 D.P.R. 1031, 1038 (1960).

El concepto de la magnitud del riesgo parte de que todas las actividades efectuadas por los seres humanos envuelven algún nivel de riesgo. Algunas de estas activades conllevan más riesgos para terceros, que otras. Son éstas las que conllevan esta exigencia de imponer las medidas de cuidado, precaución y cautela necesarias. Claro está, no se puede esperar que en toda situación el actor tome medidas de precaución cuando no puede razonablemente anticiparse que se causará algún daño. Riesgos remotos son descartables. Brau del Toro, *op. cit.,* págs. 185-186.

Cuando aplicamos los tres factores que propone el profesor Brau para determinar si medió o no negligencia en el caso de autos resulta inescapable concluir que la señora Mercado no fue negligente. Veamos.

En cuanto al factor de previsibilidad, no nos parece que la apelada tenía el deber de anticipar que mientras conducía por una vía pública, se abalanzaría sobre su vehículo un joven en una bicicleta sin frenos, discurriendo por el mismo centro de la carretera. El accidente ocurrido no puede considerarse como una de estas situaciones que un hombre prudente y razonable debió haber previsto. A tales efectos, el Tribunal Supremo ha expresado que *"Un motorista no está obligado a anticipar los actos inesperados de personas que no están en el curso de su ruta y que de súbito se colocan en el mismo."*

*Matos v. Pabón,* 63 D.P.R. 890, 900 (1944).

De acuerdo a la prueba presentada, la apelada utilizaba la carretera donde ocurrieron los hechos para llegar a su trabajo desde hacía varios años. La apelada tenía conocimiento de cómo era la referida carretera; de las curvas y del ancho de la misma. No era una extraña a los contornos de dicha vía. El día de los hechos, ella discurría correctamente por el carril derecho a unas 25 a 30 millas por hora, cumpliendo así con las disposiciones de la Ley de Tránsito, 9 L.P.R.A. sec. 841 b(2) y 896 (a). De momento, según el propio escrito de apelación, se confrontó con el joven Wilberto que discurría por el centro en una bicicleta sin frenos. Frenó, más no pudo evitar impactar al joven Wilberto. En ausencia de estos factores, nuestra posición no sería necesariamente la misma.

Vemos pues, que atendido este factor, la balanza se inclina hacia la inexistencia de negligencia.

Al aplicar al caso de autos el principio del hombre prudente y razonable, concurrimos con el foro de instancia en que la apelada reaccionó como lo hubiera hecho la mencionada figura mítica del Código Civil; ella frenó para tratar de detener su auto y así evitar impactar al joven. Desgraciadamente, fue infructuoso su intento.

En torno al tercer factor, todos sabemos el riesgo inherente que conlleva el conducir un vehículo de motor. Es abundante la jurisprudencia que nos habla sobre el deber de cuidado que debe observar todo conductor cuando transita por las vías públicas. Dicho deber de mantener la vigilancia, implica ver todo lo que está a plena vista o que pudo haber sido visto en la dirección en que se viaja, mediante el ejercicio de cuidado razonable. Dicho deber no sólo se extiende hacia el frente, sino también oblicuamente. *Molina, Caro v. Dávila,* 121 D.P.R. 362, 371, 372 (1988). No por eso podemos imponerle al conductor de un automóvil que tome medidas de precaución cuando no es razonable anticipar que en determinado momento se interponga, en dirección contraria, un joven en una bicicleta sin frenos, por el mismo centro de la carretera, luego de una curva. El lugar donde ocurrió el accidente no era una zona escolar o uno donde frecuentaran menores, por lo que el grado adicional de cuidado que se requiere de conductores en tales areas, no le es imputable a la apelada. En el presente caso, la apelada no pudo observar al joven ni frente a ella ni en la periferia, hasta un instante antes del impacto. Vemos pues, que este factor también nos lleva a la conclusión de que la señora Mercado no actuó negligentemente.

El próximo pasó en cualquier acción amparada en el artículo 1802 del Código Civil, 31 L.P.R.A. sec. 5141, es determinar si existe un nexo causal entre el daño sufrido y el acto u omisión negligente del demandado. En el presente caso hemos determinado que la apelada no fue negligente, por lo que resulta innecesario efectuar el tercer y último pasó del análisis.

Los apelantes alegan en sus señalamientos dos (2) y cuatro (4) que erró el tribunal *a quo* al determinar que la causa próxima del accidente fue la negligencia del fenecido Wilberto. El error planteado no se cometió.

Aunque el joven Wilberto fuese un menor de catorce años de edad, puede imputársele negligencia. El Tribunal Supremo ha expresado que a un niño de cuatro años no puede imputársele responsabilidad por sus actos, pues a esa edad un niño no tiene prudencia, atención o discreción para evitar colocarse en situaciones de peligro para su seguridad. *Torres Pérez v. Medina Torres,* 113 D.P.R. 72, 75 (1982). Sin embargo, también ha resuelto que a una adolescente de 17 años sí puede imputársele responsabilidad por sus actos. A esa edad, dice el Tribunal Supremo, se tiene la prudencia, atención y discreción necesarias para evitar colocarse en situaciones de peligro para su seguridad, por lo que se le requiere que cumpla con las normas de conducta que es razonable esperar de un adulto. *Molina Caro v. Dávila, supra,* 373. Este caso trataba sobre una joven de 17 años que fue impactada por un automóvil mientras cruzaba una calle. En dicho caso la propia joven admitió que vio el carro venir, pero pensó que le daba tiempo a cruzar. El Tribunal rebajó la compensación que le correspondía a la menor.

En un caso en que se discutía la doctrina del peligro atrayente, el Tribunal Supremo dijo que lo que verdaderamente concierne en este tipo de adjudicación es la capacidad del menor para apreciar o percibir el peligro. *Ortiz v. Levitt & Sons,* 101 D.P.R. 290, 292-293 (1973). Este caso trataba sobre un

joven de 13 años que brincó una cerca y se lanzó a bañarse en un canal de un sistema para disponer de aguas pluviales. El cuerpo sin vida del joven fue extraído del fondo del canal. El Tribunal desestimó la demanda.

No cabe duda pues, de que el joven Wilberto, al igual que cualquier adulto, podía a sus catorce años de edad comprender el centro de una carretera rural con curvas. El joven tenía que saber que en cualquier momento podía aparecer un automóvil de frente y que él no podría detener su bicicleta; máxime cuando anteriormente ese mismo día, ya se le había caído la cadena a su bicicleta. Por tanto, se le puede imputar negligencia como si fuera un adulto. Y, en efecto, cuando unimos todos los datos fácticos; discurrir por el centro de una carretera rural en una bicicleta que carecía de frenos por habérsele caído la cadena, es inescapable de la conclusión que Wilberto fue negligente, y que fueron estos actos y omisiones negligentes las causas directas y adecuadas del accidente que le causó la muerte al infortunado joven.

Como si esto fuera poco, notamos que Wilberto, inclusive, actuaba en contra de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. secs. 301 *et seq.* La sección 9 L.P.R.A. 1181 sobre el uso de bicicletas en las vías públicas dispone en lo pertinente que:

*"(b) Ademas, será ilegal:*

*(1)........*

*(2)........*

*(3) Aparearse con otro ciclista o correr alejado del borde del encintado u orilla derecha de la vía pública, siendo obligación de toda persona que conduzca una bicicleta por una zona de rodaje mantenerse lo más cerca posible de la orilla derecha de la vía pública que le sea posible...*

*(4)........*

*(5)........*

*(9) Conducir una bicicleta con frenos defectuosos incapaces de hacer resbalar las ruedas de frenaje sobre un pavimento seco, llano y limpio."*

Wilberto claramente violó estas disposiciones pues, como ya hemos expresado reiteradamente, corría por el centro de la carretera en una bicicleta defectuosa, cuyos frenos no funcionaban, en clara contravención a la citada sección de ley. Este hecho, aunque no determinante de por sí, claramente hace aún más débil, los fundamentos que sustentan la reclamación de los apelantes al efecto de que fue la negligencia de la señora Mercado la que causó el accidente en que murió su hijo.

Esto nos lleva precisamente al restante señalamiento de error de los apelantes. Alegan que erró el foro de instancia al determinar que de haber mediado alguna culpa o negligencia por parte de la apelada, ésta no sería responsable por ser desproporcionales las culpas, excluyendo así la aplicación de negligencia comparada. El error señalado no se cometió.

El tribunal de instancia correctamente aplicó la llamada doctrina de la causa eficiente. Esta dicta que *"cuando es evidente la desproporción entre culpas causantes de un daño, la mayor absorbe totalmente la otra y excluye la aplicación de la norma de negligencia comparada." Cárdenas Maxán v. Rodríguez Rodríguez,* 125 D.P.R. 702, 710-711 (1990). Ya expresamos que concurrimos con el tribunal de instancia al efecto de que la apelada, señora Mercado, no fue negligente. También concurrimos con dicho foro en que de haber existido concurrencia de negligencias, la menor de la apelada hubiera sido absorbida por la desproporcionalmente mayor del fenecido joven Wilberto.

Nos parece pues, que la apreciación de la prueba por el foro de instancia, a los efectos de que la causa eficiente de la muerte de Wilberto fue la negligencia de él mismo, fue correcta.

En vista de lo anteriormente expuesto, se confirma la Sentencia apelada.

Así lo pronuncia y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General