CARLOS FLORES ORTIZ ET AL., demandantes-recurridos, *v.* F. & J. M. CARRERA, INC., demandada-recurrente.

Número: 12355. Resuelto: 18 de agosto de 1961.

*Juan E. Géigel,* abogado de la demandada-recurrente; *Angel M. Ciordia,* abogado del demandante-recurrido.

Sala integrada por el Juez Asociado Señor Blanco Lugo, como Presidente de Sala, y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El accidente que motivó este pleito ocurrió en la carretera estatal núm. 2, donde es intersecada por la núm. 685. El demandante regresaba por esta última vía del balneario conocido por Mar Chiquita en compañía de otra persona que también es demandante. Al acercarse a la carretera núm. 2 se detuvo y miró a su izquierda, y luego a su derecha. A su derecha observó un camión que venía y estimando que le daba tiempo a cruzar la carretera, teniendo en cuenta la distancia que separaba al vehículo que se aproximaba de la intersección y el hecho de que estaban en una zona escolar que requería que el vehículo del demandado redujera la velocidad, decidió hacerlo. Cuando ya estaba en el carril derecho de la carretera núm. 2 el camión lo chocó por la parte del centro. El chófer del camión vio salir el vehículo del demandante de la carretera secundaria y entrar a la vía principal pero no aplicó los frenos inmediatamente ya que presumía que el demandante se detendría al llegar a la línea blanca que divide la carretera. Cuando vio que el demandante no se detuvo trató de frenar y desvió pero siempre chocó con el vehículo que cruzaba.

 Ambos conductores fueron negligentes. El demandante debió haber esperado que el vehículo que discurría por la vía principal pasara la intersección para entonces cruzar esta vía. Art. 17g Ley núm. 279 de 1946 (9 L.P.R.A. 187); *Paddack* v. *Patrick*, 79 N.W.2d 701 (Neb. 1956); *Bezdek* v. *Patrick*, 103 N.W.2d 318 (Neb. 1960). El chofer del camión cuando vio que el demandante inició el cruce de la carretera principal inmediatamente debió haber tomado todas las precauciones para evitar el choque, reduciendo la velocidad y aplicando los frenos y no depender de que se detendría al

llegar a la línea blanca que divide los dos carriles de la carretera, para que entonces cuando no se detuvo aplicar los frenos. *Robison* v. *Simard*, 360 P.2d 153 (Wash. 1961); *Noyce* v. *Ross*, 104 N.W.2d 736 (Mich. 1960); *Puhl* v. *Milwaukee Automobile Ins. Co.*, 99 N.W.2d 163, (Wis. 1960).

El tribunal de instancia declaró con lugar la reclamación de los dos demandantes y sin lugar la reconvención del demandado, por los daños sufridos por el camión. Le concedió al demandante $3,000 por las lesiones y heridas sufridas y $250 por la pérdida total del carro y $300 como honorarios de abogado. Al otro demandante se le concedió $300 por las lesiones y heridas que sufrió.

Recayendo la responsabilidad del accidente en ambos conductores por igual, procede que se reduzca la indemnización concedida al demandante conductor del vehículo que intentó cruzar la carretera, en la proporción correspondiente y concederle al demandado la mitad de los daños sufridos por el camión. La indemnización concedida al otro demandante no debe alterarse ya que no hay prueba de que fuera personalmente negligente y la negligencia del otro demandante no le es imputable, *Pacheco* v. *Pomales*, 55 D.P.R. 341 (1939); *López* v. *American Railroad Co. of P. R.*, 50 D.P.R. 1 (1936), y hay suficiente prueba para sostener su derecho a ella pues iba en el vehículo guiado por el otro demandante y sufrió daños que fueron probados.

Procede pues modificar la sentencia dictada por el Tribunal Superior, Sala de Arecibo el 6 de junio de 1957 en el sentido de reducir a la mitad la indemnización de $3,250 concedida al demandante Carlos Flores Ortiz, deduciendo de ésta, la mitad que le correspondería al demandado por los daños sufridos por el camión ascendentes a $466.41, quedando por lo tanto reducida la sentencia a $1,391.80. No se altera la indemnización de $300 concedida al otro demandante, pero se elimina la concesión de honorarios de abogado. *Así modificada se confirma.*