# 97 DTA 179

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN**

JOSE VALDES RAMOS, CARMEN ROSADO Y LA SOCIEDAD
DE GANANCIALES COMPUESTA POR AMBOS,;
JOSE VALDES ROSADO Y CARMEN VALDES ROSADO
Apelantes

v.

PUERTO RICO TELEPHONE COMPANY, ALFREDO RODRIGUEZ,
COMPAÑIA ASEGURADORA X Y FULANO DE TAL
Apelados

Núm. KLAN-95-00974

San Juan, Puerto Rico, a 20 de agosto de 1997

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces González Román y Urgell Cuebas

Urgell Cuebas, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante nosotros el Sr. José Valdés Ramos, su esposa, Sra. Carmen Rosado Otero, la sociedad de bienes gananciales por éstos compuesta, y la hija de ambos, Carmen Valdés Rosado (en lo sucesivo *"los apelantes"*) solicitándonos que revisemos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el día 12 de julio de 1995. La misma declaró con lugar una demanda de daños y perjuicios incoada por los apelantes, a raíz de un accidente entre los automóviles conducidos por el Sr. José Valdés Rosado y el Sr. Alfredo Rodríguez García, este último empleado de la Puerto Rico Telephone Company *("P.R.T.C.")*.

El tribunal *a quo* dictaminó que el accidente ocurrió debido a la negligencia tanto del Sr. Valdés Rosado como del Sr. Rodríguez. Distribuyó los grados de negligencia de cada conductor en setenta por ciento (70%) y treinta por ciento (30%), respectivamente. Además, redujo las compensaciones, que de otra forma les corresponderían a la Sra. Rosado Otero y a su hija, Carmen Valdés Rosado, madre y hermana del Sr. Valdés Rosado.

Dados los hechos particulares del presente caso aplicado y el derecho aplicable a los mismos, expedimos el auto solicitado y modificamos la sentencia apelada.

### I

El 4 de septiembre de 1992 ocurrió un accidente de automóviles en la intersección de las calles Calma y Esquilín en Santurce, Puerto Rico. El automóvil conducido y perteneciente al Sr. Valdés Rosado fue impactado por el vehículo propiedad de la P.R.T.C. y conducido por el Sr. Rodríguez.

El cuadro fáctico de los sucesos que dieron lugar al accidente son sencillos. El Sr. Valdés Rosado discurría de sur a norte por la calle Calma. Lo acompañaban su madre, Sra. Rosado Otero, y su hermana, Carmen. El Sr. Rodríguez, mientras se encontraba en gestiones de su empleo, transitaba de este a oeste por la calle Esquilín. Ya en la misma intersección, el vehículo conducido por el Sr. Rodríguez impactó con su parte frontal izquierda la parte lateral derecha trasera del automóvil del Sr. Valdés Rosado. En la esquina de las calles Calma y la Esquilín existe una señal de pare para los vehículos que transitan de sur a norte por la primera.

El tribunal apelado, luego de examinar la prueba presentada, dirimir los conflictos en la misma, y dar credibilidad a los testigos, determinó que el accidente lo causó la negligencia de ambos conductores. El Sr. Valdés Rosado fue setenta por ciento (70%) responsable por no detenerse ante la señal de pare ubicada en la calle Calma. Por su parte, el Sr. Rodríguez fue negligente por no conducir con el cuidado que se requiere al acercarse y cruzar una intersección, por lo cual le adjudicó treinta por ciento (30%) de la responsabilidad.

Las más perjudicadas en el accidente lo fueron la Sra. Rosado Otero y su hija, Carmen Valdés Rosado, quienes, como indicamos anteriormente, eran pasajeras del vehículo conducido por su hijo y hermano, Sr. Valdés Rosado. El impacto fue por el lado donde aquellas se encontraban. Ambas sufrieron daños físicos y emocionales como consecuencia de las lesiones en varias partes de su cuerpo, las cuales requirieron una serie de tratamientos médicos. El tribunal *a quo* estimó en $10,000 los daños de la Sra. Rosado Otero y en $60,000 los de su hija Carmen. Ahora bien, el tribunal le imputó a ambas perjudicadas la negligencia del Sr. Valdés Rosado, a la luz de lo resuelto en *Miranda v. E.L.A.*, 137 D.P.R. ___ (1994), **94 J.T.S. 152,** por ser éste hijo o hermano de ellas. Por tal razón, redujo la indemnización por los daños en $7,000 y $42,000, respectivamente, equivalentes al setenta por ciento (70%) de negligencia incurrida por el conductor del vehículo donde viajaban las perjudicadas.

Inconformes, los apelantes nos señalan que:

*"Erró el Honorable Tribunal al apreciar la prueba respecto a la determinación de los grados de negligencia en que incurrieron los conductores involucrados en el accidente pese a ser contradictoria con las propias determinaciones de hechos a las que llega el tribunal.*

*Erró el Honorable Tribunal al imputar la negligencia del conductor a un pasajero que resulto*

*[sic] con daños como consecuencia del accidente y de esta forma reducir la compensación a la que tienen derecho.*

*Erró el Honorable Tribunal al no imponer honorarios de abogados [sic] e intereses por la temeridad en que incurrió la parte demandada, conociendo ésta la negligencia de su empleado."*

## II

El primer error señalado es referente a la apreciación de la prueba hecha por el tribunal apelado. Los apelantes entienden que la distribución de los grados de negligencia entre el señor Valdés Rosado y el señor Rodríguez no se ajusta a la prueba desfilada.

De entrada, reconocemos la deferencia que de nuestra parte merecen las apreciaciones de la prueba hechas por los tribunales de instancia. Como regla general, no debemos intervenir con éstas, a menos que se demuestre que dichas apreciaciones son claramente erróneas o estén cargadas de pasión, prejuicio o parcialidad. *Pérez Cruz v. Hosp. La Concepción,* 115 D.P.R. 721, 728 (1984).

El tribunal apelado determinó que el Sr. Valdés Rosado no se detuvo ante la señal de pare de la esquina de la calle Calma. Una vez examinados los argumentos de los apelantes no quedó demostrado que tal determinación del tribunal *a quo* sea una claramente errónea o esté cargada de pasión, prejuicio o parcialidad. Además, como bien señala la sentencia apelada, al no detenerse en la señal de pare, el Sr. Valdés infringió la sección 5-902 de la Ley de Tránsito y Vehículos de Motor, 9 L.P.R.A sec. 1074.

De otra parte, el tribunal de instancia concluyó que el Sr. Rodríguez no conducía a una velocidad que le permitiera mantener control de su vehículo, aunque no se probó que conducía a exceso de velocidad. Esto, unido al hecho de que el Sr. Rodríguez se acercaba a una intersección, la cual conocía era una altamente transitada, movió al tribunal a concluir que éste también incurrió en negligencia. Véase, Sec. 5-101, Ley de Tránsito y Vehículos de Motor, 9 L.P.R.A. sec. 841. No nos parece claramente errónea ni apasionada, prejuiciada o parcializada tal determinación.

De igual forma, consideramos razonable la distribución de los grados de negligencia. Sin duda, incurre en mayor negligencia un conductor que desobedece una señal de pare, comparado con aquel que no toma las medidas cautelares necesarias al acercarse a una intersección, pero sin conducir a exceso de velocidad, atolondrada o temerariamente. El primer error no se cometió.

## III

El segundo señalamiento de error cuestiona la corrección jurídica de la siguiente determinación de derecho del tribunal apelado a los efectos de que el porciento de negligencia imputado al co-demandante Sr. José Valdés Rosado, le es imputable a las co-demandantes Carmen Rosado Otero y Carmen Valdés Rosado por ser la madre y hermana, respectivamente, de dicho co-demandante.

El tribunal de instancia cita en apoyo de su dictamen lo resuelto por *Miranda v. E.L.A., supra.* Examinemos, pues, esta decisión con el propósito de verificar su aplicabilidad a la situación de hechos ante nuestra consideración.

En Miranda los demandantes eran la esposa e hijo de un conductor quien trágicamente murió en un accidente entre su automóvil y un camión que estaba estacionado en la carretera sin las debidas precauciones. Ni la esposa ni el hijo demandantes sufrieron lesiones físicas en el accidente. Más bien, sus reclamos surgían, en esencia, de los sufrimientos y angustias mentales que experimentaron por la pérdida de un ser querido.

El tribunal de instancia determinó en Miranda que la muerte del conductor se debió, en parte, a su propia negligencia. Así, redujo la indemnización de los daños de la esposa y el hijo, en proporción al grado de negligencia incurrido por su causante.

El Tribunal Supremo confirmó. Citando con autoridad la Opinión Concurrente y Disidente de Molina, *Caro v. Dávila,* 121 D.P.R. 362 (1988), expuso:

*"Si bien... se trata de una acción personal del causahabiente esto no significa que esta acción sea totalmente independiente de la víctima directa.... así, los daños son personales, pero existe una independencia con los que ha sufrido la víctima directa. Es porque la víctima ha sufrido un perjuicio que el causahabiente sufre también otro perjuicio. Si aquella no hubiera perecido de nada habría podido quejarse este último".* (cita omitida). *Miranda v. E.L.A., supra,* a la pág. 526.

Más adelante afirma que *"[n]o debe permitirse que los parientes de un damnificado invoquen la solidaridad familiar para ser compensados por el autor del accidente, y a su vez nieguen las consecuencias resultantes de la negligencia de la víctima".* (Enfasis nuestro.) En este mismo sentido, citando a Brau Del Toro, nos indican:

*"La negligencia concurrente de una persona que resulta lesionada o muerta en un accidente es imputable a sus causahabientes que reclaman, ya por la acción patrimonial hereditaria del occiso o ya por su acción personal, por daños propios derivados de la muerte o de las lesiones sufridas por el perjudicado. Esta norma deriva del principio que dicta que los herederos y otros causahabientes se colocan en la posición de su causante."* (Cita omitida) *Id.* a la pág. 527.

Como podemos apreciar, en el caso de Miranda, la reclamación de los demandantes no surgía de las lesiones directas por ellos sufridas en el accidente, sino de los sufrimientos y angustias que experimentaron por la muerte de un familiar tan cercano como lo es un padre o un esposo. En este sentido, los daños se derivan de la muerte o lesiones del perjudicado o víctima *"directa".* Por tal razón, la negligencia de la víctima *"directa"* repercute en los perjudicados *"indirectos"* y, por ende, su indemnización, al estar inescapablemente ligada a los daños sufridos por su causante, debe afectarse por la negligencia de este último. Obsérvese, que la negligencia del causante contribuyó a los daños por él sufridos, de los cuales se derivan los daños de sus causahabientes.

Los hechos que hoy nos ocupan son distinguibles de la situación fáctica en el caso de Miranda. La Sra. Rosado Otero y su hija Carmen, contrario al caso de Miranda, reclaman los daños como víctimas *"directas"* de lesiones físicas a causa del antes descrito accidente. Su reclamo no es como familiares, causahabientes o terceros cuyos daños se deriven de las lesiones o muerte de su causante. Como concluyera el tribunal *a quo,* éstas, especialmente Carmen Valdés Rosado, sufrieron graves lesiones físicas en el accidente, las cuales requirieron medicamentos, terapias y otros tipos de tratamiento médico.

Nos dimos a la tarea, también, de examinar la jurisprudencia relacionada a la norma esbozada por el Tribunal Supremo en *Molina v. E.L.A., supra.* No obstante, no encontramos ninguna decisión donde se atendiera una situación similar a la del presente caso. Toda la casuística revisada puede distinguirse de la misma forma en que distinguimos Molina. Véase, a manera de ejemplo, *Molina, Caro v. Dávila,* 121 D.P.R. 362 (1988) (revocado); *Ramos Acosta v. Caparra Dairy,* 116 D.P.R. 60 (1985); *Torres Pérez v. Medina Torres,* 113 D.P.R. 72 (1982), revocado, indirectamente, por *Medina v. E.L.A., supra; Quintana Martínez v. Valentín,* 99 D.P.R. 255 (1970). 

Determinamos, pues, a la luz de la discusión que precede, la inaplicabilidad de *Molina v. E.L.A., supra,* a la particular situación de hechos del caso de autos.

A nuestro juicio, la normativa aplicable postula que la negligencia del conductor de un vehículo no es imputable, de ordinario, a sus pasajeros. *Vélez Rodríguez v. Amaro,* 138 D.P.R. ___ (1995), **95 J.T.S. 38,** a la pág. 758; *Flores v. F & J.M. Carrera, Inc.,* 83 D.P.R. 332, 334 (1961). La excepción a dicha norma general se concretiza cuando: (1) el conductor manejaba en estado de embriaguez; (2) el pasajero conocía, o debió conocer, tal estado; y (3) la embriaguez del conductor fue un factor contribuyente del accidente. *Vélez Rodríguez v. Amaro, supra; Acosta v. Crespo,* 70 D.P.R. 239, 250 (1949).

Por otra parte, los cocausantes de daños y perjuicios extracontractuales son responsables solidariamente ante el perjudicado, en virtud de que cada uno de ellos, con sus actos negligentes, cooperó o contribuyó a provocar el daño. *Torres Ortiz v. E.L.A.,* 136 D.P.R. ___ (1994), **94 J.T.S. 100,** a la pág. 12,152. Esta norma persigue proteger al perjudicado, quien puede requerir de cualquiera de ellos la reparación del daño. *Id.* Esto significa que la víctima de actos concurrentes y negligentes de

dos o más personas (deudores solidarios) puede reclamar sus daños contra cualquiera de los responsables o contra todos simultáneamente. *Id.* a las págs. 12,151-12,152.

Colegimos, pues, que la P.R.T.C., como co-causante de los daños reclamados, está obligada solidariamente a responder a las perjudicadas, por tanto responsables ante éstas por la totalidad de los daños. Erró el tribunal apelado al entender que debía imputarle la negligencia del conductor, Sr. Valdés Rosado, a su señora madre y a su hermana. Así claramente lo esgrime la jurisprudencia señalada. El mero hecho de íntimas relaciones familiares, no es suficiente para imputar la negligencia de un familiar a otro. En consecuencia, no procedía la reducción de las indemnizaciones de la Sra. Rosado Otero ni de su hija, Carmen Valdés Rosado, ya que como pasajeras no se le debió imputar la negligencia del conductor.

## IV

El tercer error aducido no merece mucha discusión. Como bien señalan los apelantes, los honorarios de abogado y los intereses por temeridad tienen el propósito de *"... establecer una penalidad a un litigante pérdidoso que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a asumir las molestias, gastos, trabajo e inconvenientes de un pleito".* Fernández v. San Juan Cement Co., Inc., 118 D.P.R. 713, 718 (1987).

Los apelantes arguyen que la actitud de la P.R.T.C. equivale a la conducta sancionada por una determinación de temeridad. La P.R.T.C., como todo demandado, se defendió de las alegaciones en su contra. Aún más, su defensa logró eximirlo del 70% de responsabilidad por el accidente. Estamos convencidos de que la actitud de la demandada es una normal en su situación y no configuró los elementos de una conducta temeraria.

## V

Considerados los principios normativos que preceden, modificamos la sentencia apelada para eliminar la deducción a la indemnización de las apelantes, Carmen Rosado Otero y Carmen Valdés Rosado, y así modificada, confirmamos.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 97 DTA 179

**1.** La Sra. Valdés Rosado fue la más perjudicada de todas las víctimas. El tribunal apelado determinó que la recuperación de ésta fue una lenta y dolorosa. Se le administraron más de 60 sesiones de fisioterapia y 8 sesiones de psicoterapia, las primeras por sus padecimientos físicos y las segundas por su estado depresivo y ansioso.

**2.** Para una muy buena discusión del caso de *Molina v. E.L.A., supra,* y sus repercusiones normativas, véase Irizarry Yunqué, Carlos J., *Responsabilidad Civil Extracontractual,* (1996), pág. 301.