TEXTO COMPLETO DE LA SENTENCIA
La apelante, Angelita Rodríguez Peña, solicita que revoquemos la sentencia emitida por el Tribunal de Primera Instancia, Sala de Carolina, que la declaró culpable por infracción a la Ley de Vehículos y Tránsito, sección 16-102.
Se confirma la sentencia dictada por los siguientes fundamentos.
I
Los hechos tienen su origen alrededor de las 9:30 a.m. del 11 de octubre de 1998, cuando la señora Carmen Rodríguez Rodríguez regresaba sola a su casa desde la Iglesia Bautista de Carolina, en su automóvil Mitsubishi Mirage modelo 1994 a 35 millas por hora. Esta se percata que el semáforo estaba dañado y como no ve ningún vehículo entró a la carretera número 3 en dirección de Carolina a Río Piedras llegando a la avenida San Marcos. Como a 15 pies observa que va saliendo de esta avenida secundaria a su mano derecha y que se cruza en el camino la apelante, frena, pero no pudo evitar el impacto. (E.N.P., pág. 2.)
La señora Carmen Rodríguez Rodríguez transitaba por el segundo carril contando desde la isleta izquierda a la derecha. Su vehículo recibió el impacto por la parte frontal del lado del chofer. El vehículo que la impactó, Mitsubishi Mirage, modelo 1998, era conducido por la señora Angelita Rodríguez Peña, aquí apelante. (E.N.P., pág.2.)
Se le radicó denuncia a la señora Angelita Rodríguez Peña, por infracción a la sección 5-201 de la Ley de Vehículos y Tránsito, imprudencia o negligencia temeraria, y celebrada la vista, se le encontró culpable por infracción al delito menor incluido de no ceder el paso, sección 4.501, bajo la sección 16-102 de la misma ley.
En la vista, la mujer policía Ada Carrasquillo Santiago de la División de Tránsito, testificó que al llegar a lugar de los hechos ambos vehículos se encontraban debajo del semáforo en la intersección de la avenida San Marcos. (E.N.P., pág. 4.) Que de su investigación surgió que la señora Angelita Rodríguez Peña salía de la avenida San Marcos y que la señora Carmen Rodríguez Rodríguez iba por la carretera número 3, por lo cual por ser la avenida principal, esta última tenía el derecho de paso. Señaló que denunció a Angelita Rodríguez Peña, porque siguió directo y no cedió el paso a la persona que venía con derecho a la vía franca. La agente testificó además, que el impacto hizo que los autos se movieran de lugar y que el diagrama lo preparó de acuerdo a donde quedaron los autos luego del impacto. (E.N.P., págs. 3-4. )
*753 Inconforme, la apelante acude ante nos alegando, en síntesis, que incidió el tribunal: primero, al encontrarla culpable cuando la denuncia no imputaba delito; segundo, al encontrarla culpable , por infringir la falta, administrativa de no ceder el paso, cuando ésta no era de aplicación y creando así un delito por analogía; y tercero, al no concluir que medió negligencia comparada entre las partes y, por ende, conceder el beneficio de la duda razonable.
Cónsono a los hechos antes esbozados, procedemos a discutir los errores alegados y el derecho aplicable.
II
Se alega como primer error que la denuncia no imputaba delito.
No le asiste la razón.
La Regla 35 de Procedimiento Criminal dispone los datos que deberá tener toda acusación o denuncia válida. En particular, el inciso (c) exige que contenga una exposición de los hechos esenciales constitutivos del delito, redactada en lenguaje sencillo, claro y conciso, de tal modo que pueda entenderla cualquier persona de inteligencia común. 34 L.P.R.A. Ap. II.
Así, la acusación o denuncia debe incluir todos los elementos del delito imputado, expresados en un lenguaje que esté al alcance de la comprensión del ciudadano promedio. Esta exigencia está íntimamente relacionada, tanto con el principio de legalidad que rige nuestro ordenamiento penal, como con los requerimientos que impone el debido procedimiento de ley. Pueblo v. Villafañe Fabián, opinión de 10 de octubre de 1995, 95 J.T.S. 132, pág. 125.
En ningún caso será necesario expresar presunciones legales y deben informar a los acusados de qué se les acusa, pero no es para ello necesario seguir ningún lenguaje estereotipado, técnico o talismático. Regla 35, supra; Pueblo v. Calvino Cereijo, 110 D.P.R. 691, 693-694 (1981); Pueblo v. Villafañe Fabián, supra, pág. 125.
Bajo tales principios, concluimos que la denuncia informa de manera clara y sencilla el delito presentado contra la apelante.
En la misma se expresa que la apelante, al llegar a la intersección con la carretera número 3 de Carolina, no cedió el paso, dando lugar a que por tal negligencia fuera impactada por el lateral izquierdo de su auto con la parte delantera del lado del chofer, del automóvil de la peijudicada. Por lo tanto, el error no fue cometido.
III
En cuanto al segundo error, que la apelante se encontró culpable por un delito por analogía, no le asiste el derecho.
La sección 5-401 de la Ley de Vehículos y Tránsito establece que cuando dos vehículos entraren a una intersección al mismo tiempo procedentes de vías públicas diferentes, el conductor del vehículo de la izquierda cederá el paso al vehículo de la derecha. 9 L.P.R.A. see. 921.
El Tribunal Supremo ha resuelto que el conductor que discurre por una vía secundaria debe esperar que el vehículo que discurre por la vía principal, pase la intersección para entonces cruzar esta vía. Él conductor del vehículo que conduce por la vía secundaria debe tomar todas las precauciones para evitar el choque, reduciendo la velocidad y aplicando los frenos. Flores Oniz v. F.&J.M. Carrera, 83 D.P.R. 332, 333 (1961).
Aun en situaciones en que un conductor de un vehículo de motor tiene el derecho de paso, éste conductor tiene la obligación de ejercer un alto grado de cuidado, tener su vehículo bajo control y debe mirar a su alrededor con el propósito de evitar una colisión. Vélez Rodríguez v. Amaro Cora, opinión de lo de abril de 1995, 95 J.T.S. *754 38, pág. 757.
Establece la sección 16-102 de la Ley de Vehículos y Tránsito que cuando el conductor de un vehículo de motor incurriere en una infracción que constituye una falta administrativa y como consecuencia cause un accidente que resulte en la lesión de una persona o daños a la propiedad ajena, dicha falta administrativa se convertirá en delito menos grave, punible con multa o cárcel que no excederá de $250.00 de multa o 30 días de cárcel, o ambas penas a discreción del tribunal. 9 L.P.R.A. see. 1872.
La apelante fue denunciada por infracción a la sección 5-201 de la Ley de Vehículos y Tránsito, negligencia temeraria, bajo la cual estaba expuesta a una multa de hasta $500.00. No obstante, la apelante fue declarada culpable por la sección 4-501, no ceder el paso, un delito menor reclasificado bajo la sección 16-102.
La sección 16-102, le permite al tribunal convertir una falta administrativa en un delito menos grave, cuando se cause un accidente que resulte en daños a la propiedad ajena. Fue precisamente esto lo que el tribunal de instancia hizo y no como alega la apelante, la creación de un delito por analogía. Por lo tanto, el error no fue cometido.
IV
Se alega como último error que no procedía la convicción, pues no se probó el cargo más allá de duda razonable, por mediar negligencia comparada.
El error no fue cometido.
La norma apelativa avalada por nuestro más alto foro dispone que no se intervendrá con la evaluación de la prueba que haga el tribunal de instancia, a menos que medie pasión, prejuicio o parcialidad. Pueblo v. Rodríguez Santana, opinión de 23 de octubre de 1998, 98 J.T.S. 141, pág. 234; Pueblo v. Chévere Heredia, opinión de 22 de agosto de 1995, 95 J.T.S. 115, pág. 35. Existe una clara política judicial en apelación de abstenerse de entender en cuestiones de credibilidad que han sido adjudicadas por el juzgador de instancia. Pueblo v. Colón Burgos, opinión de 12 de abril de 1996, 96 J.T.S. 52, pág. 970. (Casos citados).
Surge que la señora Carmen Rodríguez Rodríguez transitaba por la vía principal, mientras que la señora Angelita Rodríguez Peña entró desde la avenida secundaria de San Marcos sin tomar las debidas precauciones y sin ceder el paso, lo que provocó, por su negligencia, el accidente de tránsito.
Por lo tanto, en ausencia de pasión, prejuicio o parcialidad en las determinaciones del tribunal de instancia, no hay razón para que en apelación variemos su dictamen.
V
Por los anteriores fundamentos, se confirma la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General